David A. SCOTT v. J. R. SCHOFIELD, *et al.*, Appellants.

**Confusion of Goods:** RECOVERY. The filling of one end of a trench with potatoes which are separated by a partition of hay, from potatoes put in the other end, by the one preparing the trench, the point of division being otherwise marked, does not constitute a mingling of property which will deprive the one so putting them in from claiming them from the other.

*Appeal from Cass District Court.*—HON. WALTER I. SMITH, Judge.

THURSDAY, JANUARY 28, 1897.

ACTION at law, to recover damages for the alleged wrongful conversion of personal property.  There was a trial by jury, and a verdict and judgment for the plaintiff.  The defendants appeal.—*Affirmed.*

*C. S. Patterson* for appellants.

*F. J. Macomber* for appellee.

ROBINSON, J.—The plaintiff claims to have been the owner of two hundred bushels of potatoes and three tons of hay, which the defendants took, and sold, and the proceeds of which they retain.  The pleadings do not state, but we understand the fact to be, that the defendants claim to have taken and sold the property by virtue of a chattel mortgage thereon executed by George W. Scott, the father of the plaintiff.

I.  Only two assignments of error are presented for our determination.  One of them relates to the ruling of the district court in sustaining an objection

to a question asked the plaintiff, as follows: "When did you first learn that your father had given a mortgage on the property on his farm, and the crops raised on his farm, to Schofield and Smith?" The question did not relate to any issue in the case, and was wholly immaterial. The ruling was, therefore, correct.

II. The other assignment of error questions the sufficiency of the evidence to sustain the verdict. The evidence was conflicting, but the plaintiff, his father, and his uncle testify, in effect, that the property in question was owned by the plaintiff, and that he raised the potatoes, and made the hay. Testimony was submitted on the part of the defendants to show that the reputation of the father for truth and veracity was bad; that he and the plaintiff had made statements in the nature of admissions, to the effect that the latter did not own the property. But that testimony was contradicted, and there was very little satisfactory evidence which tended to show that the plaintiff was not the owner of the property. If the testimony of the plaintiff and his witnesses was credible, his ownership was clearly shown. It appears that the potatoes were placed in a trench prepared by the father for his own potatoes, which he had placed in it; and it is claimed that the plaintiff wrongfully so mingled his potatoes with those of his father that they were not distinguishable. The jury was authorized to find the facts in regard to that claim to be as follows: The father prepared a trench, as stated, but his potatoes did not fill it, and the empty end was used by the plaintiff to store therein the potatoes in question. He separated them from those of his father by a partition of hay, and otherwise marked the point of division. If these were the facts, there was no mingling of property. The disputed questions of fact were for the determination of the jury, and we should not be justified in saying that the evidence did not authorize

its conclusions. There does not appear to be any ground for disturbing the judgment of the district court, and it is AFFIRMED.